PLATT TAYLOR, plaintiff in error, *vs.* THE STATE OF GEOR-
GIA, defendant in error.

On the trial of an indictment for an assault with intent to commit rape,
it appeared that the defendant, "early in the night, soon after dark,"
entered the house where there was but one room, and where the father,
mother and three sisters, aged respectively nineteen, seventeen and
eleven years, were in bed, approached the bed in which the oldest and
youngest sisters were lying, pulled down the cover and put his hand on
the lower portion of the person of the oldest sister ; that she gave the
alarm instantly, and the defendant immediately fled from the house.
Counsel for defendant requested the Court to charge the jury, that if
the prisoner went there with the intent to desist as soon as he found
out that the woman would not consent, he is not guilty of the charge,
and the jury will so find :

*Held,* That the request was a proper one, under the facts in evidence,
and should have been given by the Court in his charge to the jury.

Criminal law. Assault with intent to commit rape. Charge
of Court. Before Judge STROZER. Terrell Superior Court.
May Term, 1873.

Platt Taylor was placed on trial for the offense of an assault
with intent to commit rape, alleged to have been perpetrated
upon the person of one Catharine Turner, on June 15th, 1872.
The defendant pleaded not guilty. The evidence made the
following case :

Catharine Turner, about nineteen years of age, her two
younger sisters of the respective ages of seventeen and eleven
years, and their father and mother, occupied the same room;
Catharine and the youngest slept in the same bed. Early in
the night of the day on which the offense is charged to have
been committed, about one hour after dark, the defendant was
seen approaching the house in which Catharine Turner lived,
but for some reason turned away and went towards his own
home, which was some two hundred yards distant. In about
ten or fifteen minutes he returned and entered the room, there
being but one in the house, approached the bed in which Cath-
arine and her youngest sister were lying, threw the cover off
of Catharine and touched her upon the lower portion of her

person. She gave the alarm instantly and he escaped through the door, but not before he was recognized. The defendant had never been at the house but once before, which was about one month previous to the alleged offense, on a Sunday afternoon.

The defendant requested the Court to charge the jury, "that if the defendant went there with the intent to desist as soon as he found that the woman would not consent, then he is not guilty of the charge, and the jury will so find."

The Court refused so to charge, and the defendant excepted.

The jury found the defendant guilty; whereupon, he moved for a new trial, on the ground of error in the above refusal to charge. The motion was overruled, and the defendant excepted.

C. B. Wooten; F. M. Harper, by R. H. Clark, for plaintiff in error.

James T. Flewellen, Solicitor General, by H. & I. L. Fielder; W. G. Parks, for the State.

Trippe, Judge.

The defendant entered the house "soon after dark," as the witness expressed it, where the father and mother and three daughters were. There was but one room to the house. No violence was used, excepting removing the bed clothes and putting his hand on the person of the woman. She immediately cried out, and defendant fled.

Under these facts, a refusal to give the charge requested was equivalent to refusing to allow the jury to consider any other intention than that of ravishing the person touched. Such an intention must exist, and the jury must so find, before they can render a verdict of guilty. All that the defendant did are, facts which go to show the intention. The jury had the right, and it was their duty to consider those acts. We do not mean to say that, with the charge as requested, the jury should have acquitted the defendant or found him guilty of a less

offense. But the question of defendant's desisting and fleeing the house at once, on the first appearance of resistance, is certainly a matter that should have been left to the jury for what it was worth. The rejection of the request by the Court operated as a denial to the defendant of the right to have all he did considered by the jury in determining the question of intention.

If the defendant did, in fact, intend forcibly to know a female carnally, and against her will, and the effort be made to accomplish his purpose, the mere desisting from further effort, on account of resistance, inability to overcome the resistance, or from fear, does not relieve him from the guilt of an assault with intent to rape: Lewis *vs.* The State, 35 Ala., 380; 4 Leigh's (Va.) R., 648; 7 C. & P., 318. But the whole question of intention, and all the facts that throw light upon it, should be submitted fully to those who alone can decide it.

Judgment reversed.