## Ben Dibrell *v.* The State.

Assault with Intent to Commit Rape. — Note the evidence held sufficient in this case to sustain a conviction for an assault with intent to commit a rape by force, though the only violence used was an attempt to remove the bedclothes under which she was sleeping.

Appeal from the District Court of Gaudalupe. Tried below before the Hon. E. Lewis.

A clear and full statement of the case is given in the opinion of the court.

*John Ireland,* for the appellant, on the sufficiency of the evidence, cited *Thompson* v. *The State,* 43 Texas, 583.

*George McCormick,* Assistant Attorney General, for the State.

Ector, P. J.    The defendant was indicted in the District Court of Gaudalupe County, charged with an assault with intent to rape. He was convicted by the jury, and his punishment assessed at confinement in the penitentiary for seven years.

The question for us to decide is, Does the evidence sustain the verdict and judgment?

The facts, as shown by the record, are that the young lady who is charged to have been assaulted was sleeping alone. Her sister, who was in the habit of sleeping with her, was from home, staying all night with a neighbor. Her father and two brothers were sleeping in an adjoining room; and her mother, also, in another room of the same building. The young lady was awakened from her sleep by some one pulling her bedclothes. She raised up to a sitting posture. She then saw something on the floor which she took to be a dog. She put her hand on this object and discovered it to be a man. He was crouched on his knees and hands, and,

she says, "had nothing on but a shirt." She screamed, and he instantly fled, but not before he was recognized. She waked her father and brother by her screams, and they went immediately to her assistance, and pursued the defendant for some distance. The brother testified that, on the night mentioned by his sister, about an hour before she gave the alarm, he saw the defendant just outside of the fence, looking into the window; that defendant saw witness, and turned away. The moon was shining brightly at the time.

If the defendant entered the room in which the young lady was sleeping, for the purpose of having carnal knowledge of her, without her consent, by force, and, in attempting to uncover her to accomplish his purpose, she awoke and gave the alarm, and he, through fear, desisted and ran off, we think the offense as charged was complete, and the judgment should not be set aside.

In the case of *Taylor* v. *The State*, 50 Ga. 79, as shown by the report of the case, the defendant entered the house "soon after dark," where the father, mother, and three daughters were. There was but one room to the house. No violence was used, excepting moving the bedclothes and putting his hand on the person of the woman. She immediately cried out, and the defendant fled.

The defendant requested the court to charge the jury "that, if the defendant went there with the intent to desist as soon as he found that the woman would not consent, then he is not guilty of the charge, and the jury will so find." The court refused so to charge, and the defendant excepted. The court say: "Under these facts a refusal to give the charge requested was equivalent to refusing to allow the jury to consider any other intention than that of ravishing the person touched. Such an intention must exist, and the jury must so find before they can render a verdict of guilty. All that the defendant did are facts which go to show the intention. The jury had the right, and it was their duty, to con-

sider those acts. We do not mean to say that, with the charges as requested, the jury should have acquitted the defendant, or found him guilty of a less offense.   *   *   * If defendant did, in fact, intend forcibly to know a female carnally, and against her will, and the effort be made to accomplish his purpose, the mere desisting from further effort on account of resistance, inability to overcome the resistance, or from fear, does not relieve him from the guilt of an assault with intent to rape. But the whole question of intention, and all the facts that throw light upon it, should be submitted fully to those who alone can decide it."

The law of the case at bar was fairly submitted to the jury. No exceptions were taken to the charge of the court, and no additional instructions were asked by the distinguished counsel appointed by the court to represent the defendant. Was it not legally inferable from the evidence that the intent of the accused was to gratify his lust forcibly? The jury was warranted in believing from the evidence that his intent was to commit a rape, and that the accused went far enough to establish such intent. The judgment of the lower court is affirmed.

*Affirmed.*