# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

WILLIAMS' ADM'RS V. MACATEE'S TRUSTEE & ALS.

March 20th, 1890.

Absent, Fauntleroy, J.

PAROL EVIDENCE—*Joint and several bonds—Principal or surety—Case at bar.*— Of two obligors in a joint and several bond, the last made a trust deed, preferring his individual to his security debts. Assets proving insufficient to pay both, parol evidence was admitted to determine to which class the bond belonged. *Held,* no error.

Argued at Staunton.  Decided at Richmond.

Appeal from decree of circuit court of Warren county, rendered May 3, 1889, in the cause of H. H. Downing, trustee, against Samuel Macatee's creditors.  The decree being adverse to J. J. and J. H. Williams, administrators of P. Williams, deceased, they appealed.  Opinion states the case.

*J. J. Williams,* for the appellants.

*Cook & Son,* for the appellees.

RICHARDSON, J., delivered the opinion of the court.

The facts, briefly stated, are these: On the 2d day of July, 1888, Samuel E. Macatee executed a deed to H. H. Downing, trustee, conveying all his property, in trust, to pay certain

debts and liabilities of said grantor, and giving preferences in the order of classes named and numbered from one to six, inclusive.

The intent and purpose of the grantor is clearly set forth in the preamble to said deed in the following words: "Whereas, Macatee & Brother, a firm doing business in Front Royal, of which the said Samuel E. Macatee is one member, is largely indebted; and whereas the said Samuel E. Macatee is, upon his own INDIVIDUAL ACCOUNTS, also indebted to a number of creditors; and desiring to secure and make certain the payment of those debts which he as AN INDIVIDUAL OWES, in preference to those debts for which he may be bound as SECURITY, ENDORSER OR GUARANTOR," &c.    Then there follows this classification of the debts secured: 1st. The expenses of the trust. 2d. To secure H. H. Downing in the sum of $250 00, money lent.    3d. To secure I. N. King, or the Bank of Warren, as the case may be, in the sum of $2,000.    4th. To secure the payment of such debts as Samuel E. Macatee may owe in his individual capacity.    5th. To secure the debts due by Samuel E. Macatee as surety, guarantor or endorser.    6th. Any balance to be applied to the debts of Macatee & Brother.

The deed further provides that the trustee, Downing, shall, after such notice as to him may seem reasonable, sell said property in such manner and upon such terms as to him may seem judicious, and apply the proceeds as provided in the deed.    And the deed also provides that the creditors therein provided for, shall be ascertained by the trustee, Downing, giving notice thirty days, through one of the local papers, before disbursing any of the proceeds of the sale of the property conveyed, and that in the meantime said creditors should present to said Downing, trustee, the evidence of their claim.

In proceeding to execute the trust, the trustee gave the required notice; and among the claims presented by the creditors was a debt due by George W. Macatee and Samuel E. Macatee to John J. Williams and Jas. H. Williams, adminis-

trators of P. Williams, dec'd, and evidenced by the following bond:

$1,894 00. Twelve months from date, we or either of us promise to pay to John J. Williams and Jas. H. Williams, administrators c. t. a. of P. Williams, eighteen hundred and ninety-four dollars, with interest thereon, at six per cent. per annum, from Oct. 1st, 1882, until paid, *at six per cent.*, and we hereby waive our respective homestead exemptions as to the debt evidenced hereby. Witness our hands and seals this 24th day of October, 1882.

<div style="padding-left:2em">
Signed,            GEO. W. MACATEE. [Seal.]

                     S. E. MACATEE.     [Seal.]
</div>

Endorsed on same:

"Febr. 12th, '84—By $120 90, int. on within to Oct. 24th, '83. Febr. 5th, '85—By $113 64, 1 y'rs int. to Oct. 24th, '84."

It turned out that the proceeds of the property conveyed in trust was not sufficient to pay all the debts, and it becoming a question with the trustee whether the debt evidenced by the above writing was the *individual* debt of Samuel E. Macatee, or whether he was bound therefor as SURETY for George W. Macatee, in order to be relieved of doubt and uncertainty respecting the matter, and to protect himself, the trustee, H. H. Downing, filed his bill in the circuit court of Warren county to have the matter judicially determined. An order of reference was made in the cause, directing a master commissioner to ascertain and report all the *individual* debts of said Samuel E. Macatee. The master accordingly made his report, and, among other things, asked to be instructed by the court as to whether the bond in question, of Geo. W. Macatee and Samuel E. Macatee to the administrators of P. Williams, should be audited as an individual debt of Samuel E. Macatee, stating that it was represented to him that the said Samuel E. Macatee was a party to said bond as SURETY for Geo. W. Macatee.

Upon the coming in of this report the trustee, on behalf of the individual creditors of Samuel E. Macatee, took the depo-

sition of George W. Macatee, who deposed that he was the PRINCIPAL DEBTOR in said bond, and that Samuel E. Macatee was his SURETY. To this deposition, as evidence, the obligees in said bond excepted on the ground that it tended to contradict or vary the language of the written obligation. At the hearing, the court below entered a decree overruling the exceptions to said deposition and directing the master to report said debt in the fifth class of creditors secured in the trust-deed, which was then and there done in open court. And from that decree the case is here on appeal.

The objection urged by the appellants against the decree of the court below is, in effect, but a repetition of the objection made in that court to the reading of the deposition of George W. Macatee, and that is, that in overruling the exception to said deposition, and in reading the same and founding its decree thereon, the court violated the general rule forbidding the acceptance of parol evidence to vary or contradict the language of a written obligation. To sustain this contention, which is wholly without merit, the appellants rely upon numerous authorities, not one of which, however, gives the least color to their insistence.

The logical conclusion that would result from the proposition, if true, would be that joint, or joint and several, obligors can in no case establish, by parol evidence, the relation of principal and surety. In the very similar case of *Cunningham* v. *Mitchell*, 4 Rand.; 189, the question was whether one of two obligors in certain forthcoming bonds was principal or surety. In delivering the opinion of the court in that case, Judge Green said : " The bonds themselves do not ascertain whether *Cunningham* executed them as principal or surety, and, as in all other cases of joint bonds, the question whether one was principal and another surety, was to be solved by evidence *aliunde*. And to the same effect was the decision in *Preston* v. *The Auditor*, 1 Call, 471. So, in 2d Starkie on Ev. (5th Am. ed., 1834), side p. 573, it is said: " As between the parties to a

deed, or those who claim in privity, evidence is admissible to show the purpose and intention of executing the instrument, provided it be perfectly consistent with the legal operation of the instrument, and not inconsistent with its expressions."

It cannot be said that to establish, by parol evidence, in aid of the proper execution of the trust, the fact that one of the two joint obligors in the bond was the surety of the other, is inconsistent with either the terms or legal effect of the obligation. Such was not the purpose of introducing the evidence, nor did it have any such effect. The binding force of the bond remains unaltered as to both of the obligors, and they are still jointly and severally bound for its payment.

The fact is, that Samuel E. Macatee was largely indebted, first, as a member of the firm of Macatee & Brother; second, on his individual account; and, third, as security, endorser, or guarantor. He elected to prefer the debts due by him on his individual account, and that he had the right to make such preference no one can dispute. That he did so elect is stated with unmistakable clearness in the preamble to the deed, where, after reciting that the firm of which he was a member was largely indebted, and that he was indebted both on his individual account and as surety, endorser, or guarantor, he declares his purpose to be to "*make certain* the payment of those debts which he as an *individual owes* in preference to those debts for which he may be bound as *security, endorser, or guarantor.*" He then proceeds to cla sify the debts provided for, but not by name. In the fourth class he secures the debts due by him in his *individual capacity*, and in the fifth class those debts due by him as *surety, endorser, or guarantor.*

In the course of executing the trust, it was discovered that the trust fund would fall short of paying all the debts, and a controversy having arisen as to whether the debt due the appellants should be audited as belonging to the fourth class of debts, designated in the trust deed as debts due by Samuel E. Macatee in his *individual capacity*, or in the fifth class,

designated as debts due by him as *surety, endorser or guarantor*, the trustee, for his own protection, and in aid of the due execution of the trust, filed his bill, submitting the question for judicial determination; and in the course of the investigation, the deposition of the obligor, George W. Macatee, was taken. That deposition not only proves beyond question that the debt in question is the individual debt of the obligor, Geo. W. Macatee, and that the obligee, Samuel E. Macatee, executed it as surety, but that the bond was executed for the balance due on a bond for $2,000, dated 14th February, 1874, and executed by M. B. Buck, with said Geo. W. Macatee as a surety, to said J. J. and John H. Williams, administrator of said P. Williams, deceased. And, with his deposition, the said Geo. W. Macatee filed the last-named bond, with an endorsement thereon, made by the appellant, J. J. Williams, and signed by him as administrator of P. Williams, in the words and figures following:

" Received, October 24, 1882, from G. W. Macatee, by new bond, accepted as payment in full of within balance, as then agreed upon, for $1,894." Thus it was clearly proved that this bond of George W. Macatee and Samuel E. Macatee to J. J. Williams and Jas. H. Williams, administrators of P. Williams, for $1,894, was for a debt of George W. Macatee himself, and that Samuel E. Macatee was his surety in the bond.

The evidence was clearly admissible in order to enable the trustee properly to execute the trust. For these reasons, we are clearly of opinion that there is no error in the decree appealed from, and the same must be affirmed.

DECREE AFFIRMED.