STATE v. FINGER.

(Filed November 25, 1902.)

1. WITNESSES —*Preliminary Examination —Evidence —Infants— Review.*

Whether an infant has the capacity to testify, is a matter in the discretion of the court and is not reviewable.

2. EVIDENCE—*Rape.*

On the prosecution of a negro for an assault with intent to commit rape on a white girl, evidence that the girl, or her companions, associated with negroes, is irrelevant.

3. INSTRUCTIONS—*Evidence—Rape.*

In an indictment for an assault to commit rape, the defendant having testified that he was not where the girl was on the day of the alleged assault, it is not error for the trial court to refuse to charge that the jury might consider certain evidence as tending to show that the defendant was playing with the girl.

4. EVIDENCE—*Sufficiency—Rape.*

There is in this case sufficient evidence to be submitted to the jury on the question of the guilt of the accused of an assault with intent to commit rape.

INDICTMENT of Clarence Finger, heard by Judge *H. R. Starbuck* and a jury, at April Term, 1902, of the Superior Court of LINCOLN County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
No counsel for the defendant.

MONTGOMERY, J. The defendant was convicted of assault with intent to commit rape upon Lethe Wise, a child under ten years of age. After an examination of the child, who was tendered as a witness, as to her capacity to testify,

his Honor found that she was of sufficient intelligence, and she was allowed to give testimony, over the defendant's objection and exception. It was a matter in the discretion of his Honor, and we can not review his ruling in this Court. *State v. Manuel,* 64 N. C., 601; *State v. Edwards,* 79 N. C., 648. The defendant's counsel offered to prove that the Weaver family ate with negroes and associated with them constantly, which testimony his Honor refused to receive. We can not understand how it could be thought to be competent evidence. If it was true that little Bessie Weaver, the companion of Lethe, was, through her family connection, the associate and companion of colored people, that did not give the defendant, who was a colored boy seventeen years of age, the right or the privilege to assault Lethe. The third exception was to the refusal of his Honor to allow Mrs. Taylor, a witness, to answer the question, "Do you know the manner of associating between the Wise family and the negro race?" The exception can not be sustained. The law makes no presumption that white persons who associate with negroes are debased in character, and even if the little girl Lethe were a woman instead of a child, and a lewd woman in addition, still the defendant had no right to commit an assault upon her.

The defendant's counsel asked several special instructions, all of which were given except the fifth and seventh, which were declined. The fifth instruction asked was in these words: "That the jury have a right to consider, and it is their duty to consider, any evidence that tends to show such a state of relation existing between the witness Lethe and her associates and family, and the defendant (being a negro), that he was on such familiar terms with them as would warrant the belief that he was playing with Lethe on this particular occasion." The defendant, in his examination, said that he never went to the granary where the children were on that

day—wheat threshing day—that he was at the machine all that day, throwing down wheat. How could he ask, then, any instruction to the jury that he was playing with the children in the act with which he was charged by the witness? Or, suppose that he was intimate with the children, did that authorize him to play with them in such manner as Lethe testified? The instruction was properly refused.

The seventh prayer for instruction was that there was no competent evidence for the jury of any assault with intent to commit rape. That was properly refused. His Honor had held that Lethe was a competent witness, and she testified to facts tending to show the assault.

Upon a careful consideration of the whole evidence in this case, we have grave doubt about the guilt of the defendant. The child's examination before the Justice of the Peace, the delay in the prosecution of the defendant, his conduct after the offence was committed, cause us to suspect some sinister purpose at the bottom of his prosecution. Dr. Crowell, a witness for the defendant, testified that he examined the private parts of the child Lethe, at the trial term of the Court, and that he found no rupture, or any indication of penetration. But they were all circumstances for the jury; and the duty of finding the facts and the responsibility of the finding were with them.

There was no error in the rulings of his Honor, and the judgment is

Affirmed.