ORUM RUSHTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. The legislature may initiate and finally pass a bill in one legislative day.

2. A wrong date in the message from one house to another transmitting a bill may be self correcting and treated as a clerical misprision.

3. The Journals need not affirmatively show that notice of local bills had been duly published.

4. Chapter 5771, Laws of 1907, in so far as it created the Criminal court of record for Suwannee County was duly enacted.

5. A convict cannot raise for the first time in the appellate court the validity of legislation affecting the practice of the court or compensation of its officers.

6. A conviction of assault with intent to rape will not be sustained upon proof that the assailant voluntarily desisted before consummation, without suggestion of outside interference and with no unusual resistance on the woman's part.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record, Suwannee County.

The facts in the case are stated in the opinion of the court.

*J. B. Johnson,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

COCKRELL, J.—Orum Rushton was convicted in the Criminal Court of Record for Suwannee County of an assault with intent to commit rape and sentenced to five years in the State prison.

Attack is made here upon the constitutionality of the act, Chapter 5771, Laws of 1907, creating the trial court.

It is first claimed that there were fatal defects in the passage of the bill through the legislature, but an examination of the Journals fails to disclose any serious irregularity. It does appear that House Bill No. 378, now Chapter 5771, was introduced in the House and under waiver of the rules was read three times and passed by a yea and nay vote on May 2, 1907, and was at once certified to the Senate; that on the same day House Bill No. 378 was received by the Senate and upon waiver of the

rules was duly passed by that body and ordered certified
to the House, and upon the next day it was received by
the House and referred to the enrolling committee, evi-
dently the joint committee on Enrolled Bills. There is a
reference in the House Journal of May 2nd of the bill to
the enrolling committee, upon which stress is laid, and
the message as printed from the House transmitting the
bill to the Senate bears date May 1. Neither point is
material; as to the former, the reference evidently was
to the House committee, not to the joint committee, and
the latter is so clearly a misprision we have not taken the
trouble to examine the original journal for verification.

It is difficult to follow the argument against the act in
detail. Suggestions are made to the requirement that
bills be read in full on three separate days, but counsel
must know that this provision in the Constitution of 1885
was amended in 1896. It is also insisted that the Journal
should show that notice of local legislation has been duly
had. The Constitution does not specifically require the
Journals to show this and the courts may not inquire into
that question. Stockton v. Powell, 29 Fla. 1, 10 South.
Rep. 688.

The act established the court and the constitution pre-
scribed its jurisdiction. If the legislature went too far in
prescribing matters of practice and compensation for its
officers, we are not now concerned and express no opinion.
Ex. Parte Pitts 35 Fla. 149. No objection was made to
the jury and the county solicitor is not here demanding
his salary.

The sufficiency of the evidence gives us grave concern
and but emphasizes again the need of legislation to punish
more severely these indecent assaults that do not quite
come up to the definition of assault with intent to commit
rape.

The evidence of the prosecuting witness authorizes a

finding that the plaintiff in error pulled her from her horse, placed his hand upon her thighs under her clothing, threatened her with violence and importuned her to yield her person to him, but upon her refusal he assisted her back upon her horse and let her go, without intimation of possible outside interference or unusual resistance on her part. This took place on a public road with dwellings 150 and 250 yards distant.

In Hunter v. State, 29 Fla. 486, 10 South. Rep. 730, we held that in this crime the intent is the gravamen of the offense and that the intent must be shown by the State to have so possessed the accused that his determination was to commit the rape regardless of resistance and want of consent. See also Clark v. State, 56 Fla. 46, 47 South. Rep. 481.

Giving full credit to the testimony of the girl we are convinced that the threats of the boy were but a bluff and that he did not intend to complete the act except with her consent.

The Judgment is reversed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.