JOSEPH H. BELL, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Motions to quash indictments and the ruling of the court thereon from part of the record proper in a cause, and have no place in the bill of exceptions, and, when evidenced to an appellate court only by a bill of exceptions, such court cannot consider assignments of error based upon the overruling of such motions.

2. The gravamen of the offense in an indictment charging an assault with intent to rape is the *intent* with which the assault was made, and the intent in such cases must be shown by the State to have so possessed the accused that his determination was to consummate the rape regardless of resistance and want of consent.

This case was decided by Division A.

Writ of error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. D. Penny*, for Plaintiff in Error;

*Park Trammell*, Attorney General, for the State.

SHACKLEFORD, J.—Joseph H. Bell was convicted in the circuit court for St. Lucie county of an assault with intent to rape and sentenced to five years in the State prison.

Eighteen errors are assigned, several of which are abandoned. We shall not undertake to discuss them in detail. The first five are based upon the overruling of the motion to quash the indictment, but they are not properly before us for consideration, since such motion and the ruling of the court thereon do not appear in the record proper, but are found only in the bill of exceptions. Tipton v. State, 53 Fla. 69, 43 South. Rep. 684, wherein prior decisions will be found cited.

A motion for a new trial was made, which questioned the sufficiency of the evidence to support the verdict. The denial of this motion forms the basis of one of the assignments. A careful reading of all the testimony, which we shall not attempt to set out, or even to summarize, convinces us that the court erred in refusing to grant such motion. We held in Hunter v. State, 29 Fla. 486, 10 South. Rep. 730, that "the intent in such cases must be shown by the State to have so possessed the accused that his determination was to consummate the rape regardless of resistance and want of consent." Also see Clark v. State, 56 Fla. 46, 47 South. Rep. 481, and Rushton v. State, 58 Fla. 94, 50 South. Rep. 486. We think that the evidence fails to come up to this requirement. For this reason the judgment must be reversed and the case remanded.

WHITFIELD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.