BENJAMIN SPARKMAN, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed July 29, 1922.

1. Not every indecent assault constitutes an assault with intent to commit rape.

2. A conviction of the crime of assault with intent to commit rape will not be sustained upon proof that the assailant voluntarily desisted before the consummation, without any outside interferences and with no unusual resistance on the female's part.

3. The gravamen of the offense in an indictment charging an assault with intent to rape is the intent with which the assault was made; and this question of *intent* throughout the instructions of the court, should be kept prominently before the minds of the jury as being the main object of their inquiry; and if there be a reasonable doubt as to the intent such doubt necessitates an acquittal.

A Writ of Error to the Circuit Court for Volusia County, A. G. Campbell, Judge.

Judgment reversed.

*A. G. Hartridge* and *R. E. Stillman,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

TAYLOR, J.—Benjamin Sparkman was convicted in the Circuit Court of Volusia County of assault with intent to commit rape.

Reciting the evidence will serve no useful purpose.

That an assault was made on the girl, is amply established.

It was an extremely indecent assault, and one evincing gross immorality on the part of the plaintiff in error. But not every indecent assault constitutes an assault with intent to commit rape. This was recognized by this court in Rushton v. State, 58 Fla. 94, 50 South. Rep. 486, when it was said "The sufficiency of the evidence gives us grave concern, and but emphasizes again the need of legislation to punish more severly these indecent assaults that do not quite come up to the definition of assault with intent to commit rape."

In its strongest aspects the testimony falls far short of what is required in law to establish the crime of assault with intent to commit rape. Dannelly v. State, 80 Fla. 773, 87 South. Rep. 44; Hunter v. State, 29 Fla. 486, 10 South. Rep. 730; Clark v. State, 56 Fla. 46, 47 South. Rep. 481; Rushton v. State, *supra;* Bell v. State, 61 Fla. 6, 54 South. Rep. 799.

The defendant's motion for a new trial on the ground that the verdict is not warranted by the evidence should have been granted.

The eleventh assignment of error is based upon the refusal of the court below to give to the jury the following charge:

"A conviction of the crime of assault with intent to commit rape will not be sustained upon proof that the assailant voluntarily desisted before the consummation, without any outside interference and with no unusual resistance on the female's part."

This instruction is in the exact language of the second headnote of Dannelly v. State, 80 Fla. 773, 87 South. Rep. 44, which was taken from the sixth head note in the case of Rushton v. State, *supra*.

It was peculiarly applicable to the facts in this case. That was recognized by counsel for the State, who in his argument to the jury said: "Why he stopped, no one will ever know but himself." That the evidence fails to disclose any reason why he desisted, is thus conceded by counsel for the State, who admits the reason for his desistence was known only to the prisoner himself. His desistence was therefore the act of his own volition, and consequently his own voluntary act. Where this appears, the crime of assault with intent to commit rape has not been committed.

The necessity for the instruction that was refused is emphasized in the case of Hunter v. State, *supra*, in this language: "The gravamen of the offense in an indictment charging an assault with intent to rape is the intent with which the assault was made; and this question of *intent* throughout the instructions of the court, should be kept prominently before the minds of the jury as being the main subject of their inquiry; and if there be a reasonable doubt as to the intent such doubt necessitates an acquittal."

The judgment is reversed.

BROWNE, C. J., AND ELLIS, J., concur.

WHITFIELD AND WEST, J. J., dissent.

WEST, J., dissenting.

Unless the evidence of the prosecutrix, the victim of the assault charged, is to be disregarded, the proof in this case

is sufficient to sustain the verdict and judgment of conviction. If any credence whatever is to be given to this evidence an assault by the accused as charged in the indictment was proved. The prosecutrix was a child less than twelve years of age at the time, but she told a straightforward story which was not weakened by cross-examination of counsel. Her evidence was in no way impeached. There is evidence of an immediate complaint made by her and in other respects she is corroborated. This court has held that a conviction upon a charge of rape, which may be punished by death, may rest alone upon the uncorroborated evidence of the prosecutrix. Doyle v. State, 39 Fla. 155, 22 South. Rep. 272, 63 Am. St. Rep. 159. The details of what occurred, as testified to by the prosecutrix, are susceptible of no other explanation than that when the assault was committed the accused intended to have sexual intercourse with her either with or without her consent. That his efforts resulted in bringing into actual physical contact the bodies, and perhaps the sexual organs, of the accused and the prosecutrix is expressly declared by her, all of which, so she testifies, was accomplished by force and against her will. That he desisted before committing the higher offense does not conclusively show, as the court seems to hold contrary to the jury's verdict, that he did not intend when he committed the assault to accomplish that end. Whether he did or did not intend to do so is a question of fact, provable in this case, as in most cases of this character, by testimony of the prosecutrix and attendant circumstances only.

The accused may have desisted when he did because his passion had been satisfied. He may have been stricken with fear of discovery by some one approaching and entering the garage where the crime was committed. He may, by sudden impulse, have realized the nature of his act and

its possible consequences to him and desisted for that rea-
son. He may never have intended to commit the crime of
rape. But in view of all the circumstances the last stated
possible explanation may be the least probable. No living
human being except the defendant himself may ever know
what his intention really was, and he, perhaps, having had
opportunity to reflect, would scarcely admit even to him-
self that he intended to commit a capital offense. But the
jury, whose peculiar province it is under our system to de-
termine this question of fact, after hearing all the evidence
reached the conclusion beyond a reasonable doubt that he
did commit the assault with intent to rape as charged.
That he did not continue the assault indefinitely, or final-
ly consummate the higher offense, is wholly immaterial.
That he ceased his efforts and abandoned his object do not
neutralize his former purpose or exculpate him, if at any
time during the assault he intended to have sexual inter-
course with the prosecutrix "by force and against her
will," and the jury, upon proper instructions from the
trial court, have passed upon that question. People v.
Johnson, 131 Cal. 511, 63 Pac. Rep. 842; People v. Stewart,
97 Cal. 238, 32 Pac. Rep. 8; State v. Smith, 9 Houst. 588,
33 Atl. Rep. 441; Glover v. Commonwealth, 86 Va. 682, 10
S. E. Rep. 420; Lewis v. State, 35 Ala. 380; Taylor v. State,
50 Ga. 79; State v. Williams, 121 N. C. 628, 28 S. E. Rep.
405; State v. Mehaffey, 132 N. C. 1062, 44 S. E. Rep. 107.

In State v. Mehaffey, *supra,* in dealing with a similar
state of facts, the Supreme Court of North Carolina said:
"Whether he desisted for that reason, or because at his age
he could not accomplish his purpose after so vigorous an
opposition, or because he was physically unable to over-
come his opposition, or because he did not intend to have
intercourse with her by force, was a matter for the jury
alone, and was properly left to them in connection with

all the other evidence in the case.  *  *  *  It is true he desisted—that is to say, he did not succeed in having sexual intercourse with the girl. If he had, he would have been on trial for the capital felony, and not for the intent. But his failure is not conclusive of the absence of intent, so that the court should have charged the jury, as prayed, that he did not have such intent. If his purpose was only seduction, why did he persist in using force after her tears and outcries and struggles had showed that she would not consent. If he at any time during the assault (which the defendant admits) had such intent, he was guilty, no matter what caused him to abandon his purpose.'' There are many other authorities to the same effect.

In the case under consideration the jury have found as a fact beyond a reasonable doubt the intent, which is an essential element of the crime charged. There is in the evidence, as I read it, ample basis for this finding. I therefore dissent from the reversal of the judgment.