## RUBIN BOWDEN v. STATE OF FLORIDA

12 So. (2nd) 887
April 9, 1943

January Term, 1943
En Banc

*Mabry A. Carlton* and *John E. Lake,* for appellant.

*J. Tom Watson,* Attorney General, *Woodrow M. Melvin* and *John C. Wynn,* Assistant Attorneys General, for appellee.

BUFORD, C. J.:

On indictment charging rape, accused was convicted of assault with intent to commit rape. From judgment of conviction, appeal has been perfected to this Court.

The facts as disclosed by the record can arouse no sympathy on behalf of the appellant. We are convinced by the record and, in fact, by the testimony of the appellant that he ravished and had carnal knowledge of a child of the age of thirteen years.

The record indicates, though it was alleged in the indictment, that the victim was an unmarried female of previous chaste character.

The verdict of the jury, in effect acquitting the accused of rape and finding him guilty of assault with intent to commit rape, though contrary to the overwhelming evidence, has foreclosed the question as to penetration in favor of the accused.

The record fails to establish that the act was accomplished by force and against the will of the victim. At most, the record shows that the victim protested, but that while protesting she cooperated materially in attaining the consummation of the criminal assault.

Therefore, the judgment must be reversed with directions that the cause go back to the lower court to be certified to the criminal court of record for further proceedings.

It will be recognized that when the judgment of reversal shall have been entered here the cause goes back to the lower court in the same status as it would have if it stood there on indictment charging assault with intent to commit rape, and with the former verdict and judgment standing as a bar to the prosecution of any higher offense by reason of the acts here involved. Such verdict and judgment will not bar prosecution for the crime of assault with intent to have sexual intercourse with an unmarried female under eighteen years of age of previous chaste character.

Reversed and remanded.

So ordered.

TERRELL, THOMAS, ADAMS, and SEBRING, JJ., concur.

BROWN and CHAPMAN, JJ., dissent.