## JACK RYE v. STATE OF FLORIDA

15 So. (2nd) 255
October 8, 1943

June Term, 1943
Division B

*Clayton A. Avriett,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

SEBRING, J.:

The grand jury of Hamilton County returned an indictment, in two counts, against the appellant, Jack Rye. The first count of the indictment charged an assault with intent to commit rape. The second count charged an attempt to commit rape. The trial jury found the defendant guilty of

the offense charged in the first count, and not guilty of the offense contained in the second count. Appellant appealed from the judgment, assigning as error the refusal of the court below to grant a new trial grounded on the proposition that the evidence did not sustain the verdict.

The jury having acquitted the defendant on the charge of attempt to commit rape, the only question here is whether the state has proved the essential elements of the offense of assault with intent to commit rape, beyond a reasonable doubt.

That an indecent assault was made on the prosecutrix, is amply established by the evidence. The prosecutrix was a young girl of the age of fifteen years, and, for aught the record shows to the contrary, was an unmarried female of previous chaste character. The action of the appellant in taking advantage of the temporary absence of the young girl's parents from her home to intrude himself upon her, can excite no sympathy or compassion for his plight. But be that as it may, it is not every indecent assault, even under such circumstances, that will constitute an assault with intent to commit rape. Rushton v. State, 58 Fla. 94, 50 So. 486; Sparkman v. State, 84 Fla. 151, 92 So. 812. The gravamen of the offense of assault with intent to commit rape is the intent with which the assault was made and such intent must be shown by the state to have so possessed the accused that his determination was to consummate the rape regardless of resistance and want of consent. Hunter v. State, 29 Fla. 486, 10 So. 730; Clark v. State, 56 Fla. 46, 47 So. 481; Rushton v. State, supra; Bell v. State, 61 Fla. 6, 54 So. 799; Dannelly v. State, 80 Fla. 773, 87 So. 44; Sparkman v. State, supra. Moreover, a conviction for such offense will not be sustained where it appears that the assailant voluntarily desisted before the consummation, without any outside interference and with no unusual resistance on the female's part. See Sparkman v. State, supra.

The testimony in the present case fails to establish that the appellant intended to consummate the rape regardless of resistance and want of consent. It tends, rather, to show that the appellant's intent at the time was to obtain consent

to the illicit act; and that when it became apparent that the prosecutrix was an unwilling victim and would not yield to his desires, he voluntarily desisted, without any outside interference or unusual resistance upon her part. The proof of guilt, therefore, was not sufficient; and the motion for new trial should have been granted.

The judgment should be reversed for further proceedings not inconsistent with law, and without prejudice to prosecution for the crime of assault with intent to have unlawful carnal intercourse with an unmarried female of previous chaste character under the age of eighteen years. See Sec. 794.05 Florida Statutes 1941; Bowden v. State, 152 Fla. 715, 12 So. (2nd) 887.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.