The testimony forming the basis for the judgment of guilty of assault with intent to commit rape indisputably showed that the appellant, a caddie, attacked the prosecuting witness, a woman golfer, in a secluded place near a golf course, threw her to the ground, threatened to kill her if she screamed, and placed his body on hers. In fact, he offered no testimony whatever to refute that which unquestionably established conduct constituting an assault with intent to have sexual intercourse with his victim.
Nothing will be accomplished by detailing further the circumstances of the despicable affair except to point out his desistance before he consummated the act and his reason for doing so.
He now relies upon the rule announced in Rye v. State, 153 Fla. 559, 15 So.2d 255, that a conviction of the offense will not be upheld if it appears that the defendant "voluntarily desisted before the consummation, without any outside interference and with no unusual resistance" on the part of his prey. Here the assailant abandoned his purpose before intercourse was effected, but only because, meanwhile, he had had an emission.
This presents the question whether one who abandons such an effort because of emission can be said to have "voluntarily desisted." It seems to this writer that such a conclusion does not logically follow, because the reason for the rule is that voluntary abandonment of the nefarious purpose indicates an intention to recant, while emission of seed during the attempt is more a failure of incentive to proceed than a wilful retreat.
It has been said that an offender, "so long as he is capable of arresting an evil plan, should be encouraged to do so, by saving him harmless in case of such retreat before it is possible for any evil consequences to ensue. * * * To punish him after retreat and abandonment would be to destroy the motive for retreat and abandonment." Wharton's Criminal Law, 12th Ed., Vol. 1, Sec. 226.
This appellant is not to be credited with any high motive in turning back, entitling him now to refuge in the principle we have quoted. Nature simply robbed him of his urge to go forward; whereupon he quitted his vile assault involuntarily, we think, rather than voluntarily through the exercise of any will power on his part. *Page 13 
He was justly convicted, and the judgment is —
Affirmed.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.