SHANNON, Chief Judge.
The defendant has appealed from a judgment of conviction of assault with intent to commit rape, for which he received a twelve year prison sentence. He was originally tried for rape, which trial resulted in a jury verdict of guilty, with a recommendation of mercy, for which he was sentenced to a twenty-five year term in the state prison. The former case was appealed to this court and resulted in a reversal and remand for new trial. In the opinion reported in Fla.App., 118 So.2d 806, Judge Allen, for the court, stated:
“We think the testimony of the prosecuting witness fails to show sufficient evidence from which the jury was justified in believing, beyond a reasonable doubt, that she was forced and against her will to have intercourse with defendant. In addition thereto, there was lack of evidence sufficient to show such fear on the part of the prosecutrix as is necessary in order for the jury to find the defendant guilty of rape through fear.”
The facts involved here are well stated in the court’s opinion referred to above. In the instant appeal the defendant raises but two questions, namely, 1) whether or not the evidence is sufficient to sustain the verdict, and 2) whether or not the trial court erred in failing to give the following jury instruction requested by the defendant:
“That under the facts of the case at bar, on the 2d day of September, 1958, the date of the alleged rape, the defendant was incompetent and insane under the laws of Florida and would not be responsible for his alleged crime, unless the jury finds from the *387 evidence adduced by the State of Florida, that on the date of the alleged crime, September 2, 1958, he was of sound mind.
“A person adjudged to be incompetent as in the case at bar, on the date of the alleged crime, September 2, 1958, is presumed to be and remain in that condition until it is shown by the State of Florida that on the date of the alleged crime, September 2, 1958, his sanity had returned.”
In this state the gravamen of the offense of assault with intent to commit rape is that the intent of the accused was to consummate the rape regardless of resistance and want of consent. Manning v. State, Fla.1957, 93 So.2d 716; Rye v. State, 1943, 153 Fla. 559, 15 So.2d 255. The general rule is “if an assault is made under such circumstances that the act of sexual intercourse, if it had been accomplished, would have been rape, the accused is guilty of assault with intent to commit rape.” 44 Am.Jur., Rape, Sec. 21. The Alabama court states that the offense of assault with intent to commit rape includes all the elements of rape except consummation of the sexual act. Smith v. State, 1948, 34 Ala.App. 45, 38 So.2d 341.
“An assault usually implies force by the assailant and resistance by the assailed. If however, the latter is made incapable of consent, the act may constitute an assault even though she did not resist, but, on the contrary, assented. * * * ” 44 Am.Jur., Rape, Sec. 22. As to the necessary element of resistance on the part of the victim, Sec. 7 of the above topic states that “[resistance or opposition by mere words is not enough; the resistance must be by acts, and must be reasonably proportionate to the strength and opportunities of the woman. She must resist the consummation of the act, and her resistance must not be a mere pretense, but must be in good faith, and must persist until the offense is consummated.” In the trial of the instant case the prosecutrix testified that the act of sexual intercourse was consummated and the defendant likewise testified to the consummation of the act.
The appellee herein maintains that sufficient evidence was before the jury in the trial of this case to warrant the verdict of guilty of assault with intent to commit rape. We agree that it is not the duty of the appellate court to substitute its judgment for that of the jury. Kozakoff v. State, Fla.App.1958, 104 So.2d 59. But where, on a review of the record, the evidence clearly fails to establish the essential elements of the offense, the jury is not justified in returning a verdict of guilty. In Rivers v. State, 1939, 140 Fla. 487, 192 So. 190, the supreme court stated:
“It is next contended by the State that it was within the province of the jury from all the evidence, under appropriate instructions by the trial court, to determine the guilt or innocence of Ralph Rivers. We agree with this salutary principle of law, but if the State fails to prove the material allegations of an information and the issues are submitted to a jury and a verdict of guilt found, it is fundamental that the jury passing upon the facts was actuated by motives or reasons dehors the record.”
In the case of Bowden v. State, 1943, 152 Fla. 715, 12 So.2d 887, the accused was brought to trial on an indictment charging the crime of rape and was found guilty by the jury of the offense of assault with intent to commit rape. The court said that it was convinced by the record that the defendant ravished and had carnal knowledge of a thirteen year old unmarried female of previous chaste character. In reversing the conviction, the court held:
“The verdict of the jury, in effect acquitting the accused of rape and finding him guilty of assault with intent to *388 commit rape, though contrary to the overwhelming evidence, has foreclosed the question as to penetration in favor of the accused.
“The record fails to establish that the act was accomplished by force and against the will of the victim. At most, the record shows that the victim protested, but that while protesting she cooperated materially in attaining the consummation of the criminal assault.”
The evidence in the instant case is, in all material respects, the same as that in the first trial which resulted in the reversal by this court of the rape conviction. The fact that the act of sexual intercourse was consummated is not questioned in this appeal. The issues, therefore, are essentially identical to those presented to this court in the former appeal from the rape conviction. The evidence in the instant case is insufficient to justify the jury’s belief, beyond a reasonable doubt, that the prosecuting witness was assaulted with the force and the intent on the part of the defendant to carnally know her against her will. Additionally, the record lacks sufficient evidence to show such fear on the part of the female as is necessary to establish the offense of assault with intent to commit rape through fear. It is, therefore, the opinion of this court that the defendant’s motion for a directed verdict of acquittal, renewed at the conclusion of all the evidence, should have been granted.
Because of the necessity of reversal for insufficient evidence, we shall not consider the second question raised by the defendant.
The judgment of conviction of assault with intent to commit rape is hereby reversed and it is ordered that the appellant be discharged from the cause.
SMITH and WHITE, JJ., concur.