McNULTY, Chief Judge
(dissenting).
I must respectfully dissent. The sole triable issue in this rape case was the question of consent on the part of the prosecutrix. While concededly the evidence, though conflicting, prima facie supports the jury’s finding of lack of lack of consent, nevertheless the unrefuted evidence of the highly questionable virtue and character of the prosecutrix, together with the admitted circumstances of the alleged rape (i. e., committed in the presence of several cheering participants in a raucous, all night beach party), raises a question in my mind as to its conclusiveness. In the interest of justice another jury ought weigh the sufficiency of the evidence bearing on the lack of consent to determine whether it is proof beyond and to the exclusion of a reasonable doubt. While this course has wisely in the past been guardedly taken,[1] this appears to me to be one of those cases in which it is fully justified.

. See Lowe v. State (1944), 154 Fla. 730, 19 So.2d 106; Garner v. State (1938), 134 Fla. 252, 183 So. 739; Fuller v. State (1926), 92 Fla. 873, 110 So. 528; Nims v. State (1915), 70 Fla. 530, 70 So. 565; Johnson v. State (Fla.App.2d, 1960), 118 So.2d 806, second appeal (Fla.App.2d, 1962), 138 So.2d 386.