OTT, Chief Judge.
Appellant was charged with armed robbery and found guilty of the lesser included offense of robbery. The trial court refused appellant’s request for a jury instruction on theft. We reverse.
The trial court is required to instruct the jury on lesser included offenses necessarily included in the major offense charged. Brown v. State, 206 So.2d 377 (Fla.1968). It is impossible to prove robbery without proving theft. State v. Bruns, 429 So.2d 307 (Fla.1983). Because theft is not two or more steps from the offense appellant was convicted of, failure to give the requested instruction was not harmless error. State v. Abreau, 363 So.2d 1063 (Fla.1978); Butler v. State, 379 So.2d 715 (Fla. 5th DCA 1980).
There was no evidence presented at trial that the value of the property taken was $100 or more. In such a case, petit theft is the next immediate lesser included offense of robbery. Bruns.
Because appellant was convicted of the lesser offense of robbery, on retrial he cannot be prosecuted for armed robbery. Bowden v. State, 152 Fla. 715, 12 So.2d 887 (1943); opinion After remand, State v. Bowden, 154 Fla. 511, 18 So.2d 478 (1944).
Appellant’s judgments and sentences for grand theft of an automobile and false imprisonment are affirmed.
REVERSED in part, and REMANDED for a new trial for the offense of robbery.
HOBSON and DANAHY, JJ., concur.