BARKDULL, Judge.
The charging document in this juvenile proceeding alleges an attempt to commit a sexual battery and lists certain designated acts in an attempt to support the charge as follows:
This child, on or about February 9, 1982, in Dade County, Florida, did unlawfully and feloniously attempt to commit a sexual battery upon a person over the age of eleven (11) years, and in furtherance thereof did: TOUCH THE BREASTS, BUTTOCKS AND VAGINAL AREA OF AND RESTRAIN WHILE UNSNAPPING HER PANTS, without the consent of and in the process used physical force and violence not likely to cause serious personal injury, in violation of 777.04, 794.011(5), Florida Statutes. (Name of minor eliminated).
It is the appellant’s position that the alleged act spelled out in the charging document must in and of itself supply the requisite proof of the underlying intent. An attempt to commit a crime involves an in-completed act as distinguished from a completed act necessary for the crime. Gustine v. State, 86 Fla. 24, 97 So. 207 (1923); Robinson v. State, 263 So.2d 595 (Fla.3d DCA 1972). An attempt involves two essential elements: specific intent to commit the crime and a separate overt, ineffectual act done towards its commission. Littles v. State, 384 So.2d 744 (Fla. 1st DCA 1980). The intent and the act must be such that they would have resulted, except for the interference of some cause preventing the *199 carrying out of the intent, in the completed commission of the crime. Adams v. Murphy 394 So.2d 411 (Fla.1981). The crime herein is attempted sexual battery. Sexual battery is defined as the “oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any object; ...” Section 794.011(1)(f) Fla.Stat. (1981). An attempt to commit such an act would certainly be facilitated by the overt act of attempting to remove the pants of the victim. Thus it appears that the charging document filed herein sufficiently alleges a separate overt act done towards the commission of the crime and the argument of the appellant herein that it was subject to a motion to dismiss is without merit.
The other point urged for reversal is also found to be without merit. Tibbs v. State, 397 So.2d 1120 (Fla.1981); Littles v. State, supra.
Therefore the adjudication is affirmed.
Affirmed.