ZEHMER, Judge.
This case involves a dispute regarding the proper interpretation of sections 944.-276 and 917.012, Florida Statutes (1987), governing entitlement to administrative gain-time. Richard L. Dugger, as head of the Department of Corrections, appeals a final order issuing a writ of mandamus pursuant to the petition filed by appellee, Robert L. Miller. The writ compels Dug-ger to grant Miller administrative gain-time under section 944.276 because Miller is not currently serving a sentence for a sex offense. Finding no error in the trial court’s ruling, we affirm.
Miller is in the custody of the Department of Corrections under a sentence imposed on his conviction of armed robbery in violation of section 812.13(2)(c), Florida Statutes. The Department denied Miller administrative gain-time under section 944.-276, Florida Statutes (1987), based on his prior record of convictions. Section 944.-276 denies administrative gain-time to those inmates, among others, who “Were convicted of sexual battery or any sexual offense specified in s. 917.012(1) and have not successfully completed a program of treatment pursuant to s. 917.012.” Among the offenses described in section 917.012, the statute specifies, “Assault or aggravated assault when a sexual act is completed or attempted.” § 917.012(1)(e), Fla.Stat. (1987). Miller was charged with assault with intent to commit rape in the state of Michigan on October 17, 1963. He was convicted of aggravated assault on January 7, 1964, having pled guilty to that reduced charge, and was sentenced under Michigan law.
After considering the petition for writ of mandamus, the trial court ruled that:
5. The following language in Section 917.012(1), Florida Statutes, indicates that the Chapter deals exclusively with offenders in custody as a result of having been sentenced for a violation involving a sex offense:
“The Department of Corrections shall establish, for each offender who has been sentenced for a violation of law involving a sex offense and placed in its custody, procedures for the classification of the offender based on the type of offense he committed.”
6. The foregoing conclusion would exclude the Petitioner from the operation of Chapter 917, Florida Statutes, and therefore prevent his conviction of Aggravated Assault from being a sexual offense as contemplated by Subsection 944.276(1)(c), Florida Statutes.
7. Subsection 944.276(1)(c), Florida Statutes, does not refer to convictions unrelated to an inmates [sic] present incarceration.
The trial court correctly ruled that section 944.276(1)(c), Florida Statutes (1987), *1288 only applies to persons convicted and sentenced for sex offenses who would be subject to treatment pursuant to section 917.-012. We find no ambiguity in the statutory language. That section does not contemplate the screening of a convict, as a mentally disordered sex offender, who was sentenced twenty years earlier in another state and who has fully served that sentence.
AFFIRMED.
SHIVERS and BARFIELD, JJ„ concur.