SHIVERS, Chief Judge.
Appellant, Clarence Tyson, appeals the trial court’s denial of his petition for writ of mandamus seeking administrative gain time pursuant to section 944.276, Florida' Statutes. We reverse.
The record on appeal indicates that Tyson was charged by information with armed kidnapping, attempted first-degree murder, attempted sexual battery, and armed robbery. Under the armed kidnapping count, the information specifically alleged that appellant “did confine, abduct, or imprison [the victim] ... with intent to commit or facilitate the commission of a felony, to-wit: sexual battery_” Tyson entered pleas of guilty to both armed kidnapping and attempted first-degree murder, and was sentenced on those counts to 30 years in the Department of Corrections. As part of the negotiated plea, the State nolle prossed the remaining two counts of attempted sexual battery and armed robbery.
In April of 1988, appellant utilized the Inmate Grievance Procedure to file a request for administrative gain-time pursuant to section 944.276, Florida Statutes. The request was denied on the basis that appellant’s conviction for armed kidnapping involved intent to commit a sexual battery. *241 Appellant then filed an administrative appeal of the denial of his request, which was also denied on the basis that his conviction for armed kidnapping with intent to commit a sexual battery resulted in his being classified a sexual offender not eligible for administrative gain-time. After unsuccessfully exhausting his administrative remedies, appellant filed the instant petitiofi for writ of mandamus in the circuit court, again seeking administrative gain-time. That petition was also denied, the trial court concluding that appellant was ineligible for administrative gain-time.
Section 944.276, Florida Statutes, provides that, when the inmate population of the correctional system reaches 98% of its lawful capacity, the Secretary of the Department of Corrections may grant up to 60 days of administrative gain-time to all inmates who are earning incentive gain-time, with the exception of those inmates who: (a) are serving a minimum mandatory sentence under either section 775.082(1) or section 893.135; (b) are serving the minimum mandatory portion of a sentence enhanced by section 775.087(2); (c) were convicted of sexual battery or any sexual offense specified in section 917.012(1) and have not successfully completed a program of treatment pursuant to section 917.012; or (d) were sentenced as a habitual offender.
Section 917.012(1) provides as follows:
(1) The Department of Corrections shall establish, for each offender who has been sentenced for a violation of law involving a sex offense and placed in its custody, procedures for the classification of the offender based on the type of offense he committed. Such classification shall include the following sex offenses:
(a) Sexual battery or attempted sexual battery.
(b) Incest or attempted incest.
(c) An unnatural and lascivious act or an attempted unnatural and lascivious act.
(d) Lewd and lascivious behavior.
(e) Assault or aggravated assault when a sexual act is completed or attempted.
(f) Battery or aggravated battery when a sexual act is completed or attempted.
As in Mayo v. Dugger, 535 So.2d 300 (Fla. 1st DCA 1988), the record on appeal does not indicate that -the appellant in this case was convicted of sexual battery or of any of the sexual offenses listed in section 917.012(1). Although he was initially charged with attempted sexual battery, that charge was later dropped as part of the negotiated plea agreement. Further, although the armed kidnapping count contains an element of intent to commit sexual battery, the plain language of sections 944.276(l)(c) and 917.012(1) indicates the Legislature’s intent not to deny administrative gain-time to mentally disordered sex offenders where the sexual offense did not constitute at least an attempt. Accordingly, we find that appellant is not ineligible for administrative gain-time by virtue of section 944.276(l)(c).
The trial court’s denial of appellant’s petition for writ of mandamus is hereby REVERSED.
ERVIN and JOANOS, JJ., concur.