565 So.2d 846 (1990)
Charles J. MILLER, a/K/a Albert M. Collie, Appellant,
v.
Richard L. DUGGER, Department of Corrections, Appellee.
No. 89-1879.
District Court of Appeal of Florida, First District.
August 9, 1990.
*847 Charles J. Miller, a/k/a Albert M. Collie, pro se.
Robert A. Butterworth, Atty. Gen., and Susan A. Maher, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant appeals an order of the trial court denying his petition for writ of mandamus, in which appellant sought an order compelling the Department of Corrections to grant him provisional credits pursuant to section 944.277, Florida Statutes (Supp. 1988). We affirm.
The pertinent facts as recited in appellant's petition show that Miller was convicted for the crime of grand theft on August 5, 1988, and was sentenced to five years incarceration. In 1967, Miller was convicted of assault with intent to commit rape. Due to the nature of this prior conviction, Miller has been denied provisional credits under the provisions of section 944.277(1)(c), Florida Statutes (Supp. 1988). Section 944.277(1)(c), provides:
(1) Whenever the inmate population of the correctional system reaches 97.5 percent of lawful capacity as defined in s. 944.096, the Secretary of Corrections shall certify to the Governor that such condition exists. When the Governor acknowledges such condition in writing, the secretary may grant up to 60 days of provisional credits equally to each inmate who is earning incentive gain-time, except to an inmate who:
.....
(c) Is convicted, or has been previously convicted, of committing or attempting to commit sexual battery, incest, or a lewd or indecent assault or act;
Appellant argues that because he is not now, nor has he previously been convicted of any sexual offense enumerated in the statute, the statute is being applied unlawfully to deny him the provisional credits otherwise available when the inmate population reaches 97.5 per cent of lawful capacity. As support for his position, *848 appellant directs our attention to Tyson v. Dugger, 547 So.2d 240 (Fla. 1st DCA 1989), in which the court reversed a denial of administrative gain time under the provisions of section 944.276(1)(c), Florida Statutes (1987), the predecessor of section 944.277. Ch. 88-122, § 6, Laws of Fla.
In Tyson, the court found the record did not indicate that Tyson was convicted of sexual battery or any of the offenses listed in section 917.012(1), Florida Statutes.[1] An attempted sexual battery charge was dropped as a part of a negotiated plea agreement. Although the armed kidnapping count for which Tyson was convicted contained an element of intent to commit sexual battery, the court found the plain language of sections 944.276(1)(c) and 917.012(1) indicated the legislature's intent not to deny administrative gain time to mentally disordered sex offenders unless the convicted sexual offense constituted at least an attempt. Therefore, the court found that Tyson was not ineligible for administrative gain time pursuant to section 944.276(1)(c).
Thus, the primary question raised in this appeal is whether assault with intent to commit rape equates to an attempt to commit sexual battery, pursuant to section 944.277(1)(c). An examination of the applicable statutes and court constructions of the crime of assault with intent to commit rape indicates that the gravamen of the offense is the intent with which the assault was made. The state must show that the intent "so possessed the accused that his determination was to consummate the rape regardless of resistance and want of consent." Rye v. State, 153 Fla. 559, 15 So.2d 255 (Fla. 1943). See also Manning v. State, 93 So.2d 716 (Fla. 1957). Moreover, the criminal intent element of the offense "must be proved by some act or deed evidencing it." Clark v. State, 56 Fla. 46, 47 So. 481 (1908). Accord Reed v. State, 150 Fla. 269, 7 So.2d 103 (1942).
A definition of attempted sexual battery requires consideration of sections 777.04 and 794.011. Section 777.04, Florida Statutes (1987) defines "attempt" as any act taken toward the commission of an offense. Section 794.011(1)(h), Florida Statutes (1987), defines sexual battery as the oral, anal, or vaginal penetration by, or union with, the sexual organ of another. An attempt involves two elements: (1) the specific intent to commit the crime, and (2) a separate, overt, ineffectual act done towards the commission of the crime. Littles v. State, 384 So.2d 744 (Fla. 1st DCA 1980); L.J. v. State, 421 So.2d 198 (Fla. 3d DCA 1982).
As revealed by prior Florida Supreme Court opinions, the elements of assault with intent to commit rape are (1) an overwhelming intent to commit rape, and (2) some act or deed evidencing that intent. Manning v. State; Clark v. State; Rye v. State. The elements of attempted sexual battery are (1) the specific intent to commit sexual battery, and (2) a separate overt, ineffectual act done toward the commission of sexual battery. L.J. v. State. A comparison of the elements of the respective offenses demonstrates that they are so similar as to be virtually synonymous. Due to the similarity of the elements of the offenses of assault with intent to commit rape and attempted sexual battery, we conclude that appellant's 1967 convicted offense is essentially the equivalent of attempted sexual battery, within the contemplation of Tyson v. Dugger.
We have examined appellant's claims of violation of his right to equal protection and ex post facto application of the statute, and find them to be without merit. Section 944.277, formerly section 944.276, awards gain time purely for the administrative convenience of the Department of Corrections. Since the statutes are procedural in nature, they do not create *849 substantive rights, as contrasted to the substantive statute considered in Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). See Blankenship v. Dugger, 521 So.2d 1097 (Fla. 1988). Because section 944.277 does not operate to deprive appellant of a substantive right, it is not ex post facto as applied to him.
In a similar vein, this court has determined that the sexual offense classification in section 944.276, replaced by section 944.277, is reasonable and bears a just relation to the purpose of the legislation. Henderson v. State, 543 So.2d 344, 345 (Fla. 1st DCA), review denied, 551 So.2d 461 (Fla. 1989). See also Hendking v. Smith, 781 F.2d 850 (11th Cir.1986). Thus, appellant's claimed violation of equal protection rights also must fail.
Accordingly, the order denying appellant's petition for writ of mandamus is affirmed.
BOOTH and BARFIELD, JJ., concur.
NOTES
[1] Under the 1987 statutory scheme, inmates who were convicted of sexual battery or any sexual offense specified in section 917.012(1), Florida Statutes, and who had not successfully completed a program of treatment, were ineligible for administrative gain time under the provisions of section 944.276. The current version of the administrative gain time statute, now termed "provisional credits," enumerates the ineligibility criteria within the confines of section 944.277.