ERVIN, Judge.
Appellant, Willie C. Henry, seeks review of a final order denying his petition for writ of mandamus. Appellant argues that the Department of Corrections (DOC) has improperly denied him administrative gain time to which he was entitled pursuant to Section 944.276, Florida Statutes (1987), based upon a sexual battery conviction, the sentence for which has expired. Although we agree with appellant that he would have been entitled to gain time under section 944.276,[1] we conclude that appellant is precluded from accruing gain time by virtue of the 1988 amendment to that statute (Section 944.277, Florida Statutes (Supp.1988)). Therefore, we affirm.
Section 944.276(1) provides as follows:
(1) Whenever the inmate population of the correctional system reaches 98 percent of lawful capacity as defined in s. 944.598, the secretary of the Department of Corrections shall certify to the Governor that such condition exists. When the Governor acknowledges such certification in writing, the secretary may grant up to a maximum of 60 days administrative gain-time equally to all inmates who are earning incentive gain-time, unless such inmates:
⅜ £ ⅝ ⅜! ⅜: *
(c) Were convicted of sexual battery or any sexual offense specified in s. 917.-012(1) and have not successfully completed a program of treatment pursuant to s. 917.012....
In Dugger v. Miller, 538 So.2d 1286 (Fla.1st DCA), review denied, 547 So.2d 1209 (Fla.1989), this court interpreted the above statute as applying only to “persons convicted and sentenced for sex offenses who would be subject to treatment pursuant to section 917.012.” Id. at 1288 (emphasis added). In other words, because the statute does not contemplate screening a convict for mentally disordered sex offender treatment when that person has already *1104 fully served his sentence for the sex crime, that conviction cannot be used to prevent the prisoner from accruing gain time pursuant to section 944.276.
In the instant case, appellant received a ten-year sentence for a sexual battery conviction on May 12, 1977, with 257 days’ credit for time previously . served. Although he was erroneously released from prison for a period of 125 days, the full ten-year term expired on or about December 18, 1986.[2] Thus, similar to the defendant in Miller, appellant has fully served his sentence for his sexual battery conviction.[3]
Section 944.276 was amended, however, in 1988[4] to exclude from such gain time awards any inmate who “[i]s convicted, or has been previously convicted, of committing or attempting to commit sexual battery.” § 944.277(1)(e), Fla.Stat. (Supp. 1988) (emphasis added). This statute, like its 1987 predecessor, awards gain time purely for the administrative convenience of the DOC and is thus procedural in nature. It does not create substantive rights, as did the statute in Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Therefore, the statute may be applied retrospectively, even though it disadvantages appellant. See Blankenship v. Dugger, 521 So.2d 1097, 1099 (Fla.1988). See also Miller v. Dugger, 565 So.2d 846 (Fla. 1st DCA 1990). Thus, under the plain language of section 944.277, appellant is not entitled to accrue gain time.[5]
The order denying appellant’s petition for writ of mandamus is therefore AFFIRMED.
WENTWORTH and MINER, JJ., concur.

. On appeal, and particularly upon motion for rehearing, appellee asserts that the DOC has interpreted Section 917.012, Florida Statutes, in such a fashion so that an inmate may still be eligible for, or still be subject to, treatment under the statute, even though that inmate may have technically satisfied his sentence for the sexual offense. Because this was not an argument raised below, but is rather one raised for the first time on appeal, we do not consider it in reaching the decision in this case.

. Because the full ten-year term of appellant’s sentence expired prior to the effective date of Section 944.276, Florida Statutes (1987), we do not decide if appellant would similarly be entitled to gain time had the full ten years not elapsed.

. Appellant remains incarcerated in connection with convictions for kidnapping, robbery, and possession of a weapon by a state prisoner.

. See Ch. 88-122, § 5, Laws of Fla.

. Section 944.277, Florida Statutes (1989), is virtually unchanged.