SHIVERS, Chief Judge.
Felk was charged for offenses which occurred in April 1986. In September 1986 he pled guilty to two of the offenses — armed kidnapping and armed robbery. An attempted sexual battery charge was nolle prossed. Felk was sentenced to fifteen years incarceration with a three year minimum mandatory term.
In 1986, section 944.598(2), Florida Statutes (1985) was in effect. It authorized overcrowding gain time of up to thirty days when the prison population reached 98% of lawful capacity. Section 944.598(2) was replaced by 944.276, Florida Statutes (1987), which authorized administrative gain time of up to sixty days when the prison population reached 98% of lawful capacity unless, among other things, the inmate was serving a minimum mandatory sentence under sections 775.082(1) or 893.135. Section 944.276 was replaced by section 944.277, Florida Statutes (Supp.1988). Section 944.-277(1) authorizes up to sixty days of ‘provisional credits’ when the prison population reaches 97.5% of lawful capacity unless, among other things, the inmate was convicted of kidnapping with the intent to commit sexual battery. The proviso regarding kidnapping with the intent to commit sexual battery was not included in sections 944.-598(2) or 944.276.
Felk petitioned the circuit court for a writ of habeas corpus or mandamus, alleging he was entitled to provisional credits. The petition was denied on the ground Felk is ineligible to receive provisional credits under section 944.277 because he was convicted of kidnapping and the offense was committed with the intent to commit sexual battery. Felk argues on appeal that application of section 944.277(1) to him violates the prohibition against ex post facto laws, and therefore he is entitled to application of the statute in effect at the time his crimes were committed.
We affirm the denial of Felk’s petition for a writ of habeas corpus or mandamus on the authority of Miller v. Dugger, 565 So.2d 846 (Fla. 1st DCA 1990), and Blankenship v. Dugger, 521 So.2d 1097 (Fla. *718 1988). However, we certify the following as a question of great public importance pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
DOES SECTION 944.277(1), FLORIDA STATUTES (SUPP.1988), VIOLATE THE EX POST FACTO CLAUSES OF THE FLORIDA AND UNITED STATES CONSTITUTIONS WHEN APPLIED TO AN INMATE WHOSE OFFENSES OCCURRED PRIOR TO THE EFFECTIVE DATE OF THAT SECTION AND WHOSE SENTENCE COULD BE SHORTENED BY APPLICATION INSTEAD OF THAT SECTION’S PREDECESSOR, IN EFFECT WHEN THE OFFENSES OCCURRED?
WIGGINTON and ZEHMER, JJ., concur.