Honorable Gary Siegel Senator District 12
QUESTION:
1) Does an inmate's conviction for aggravated child abuse where aggravated battery is an element of the offense of aggravated child abuse preclude the inmate from receiving provisional credits?
2) May the Secretary of Corrections utilize the services of experts in reviewing the record to determine whether a sex act occurred during the commission of the offense for which an inmate was convicted?
3) Does s. 944.277(1)(i), F.S. (1992 Supp.), prohibit provisional credits being awarded to an inmate convicted of murder?
4) Does a conviction for aggravated child abuse, standing alone, fall within the exclusions of s. 944.277(1)(f), F.S. (1992 Supp.), where "caging" is an element of the offense?
5) May the Department of Corrections withhold provisional credits from a prisoner who has committed any of the lewd or indecent acts outlined in s. 944.277(1)(c), F.S. (1992 Supp.)?
SUMMARY:
1) A conviction for aggravated child abuse where aggravated battery is an element of that offense precludes an inmate from receiving provisional credits if a sex act occurred or was attempted during the commission of the offense.
2) The Secretary of Corrections may utilize the services of experts in reviewing an inmate's record to determine whether a sex act occurred or was attempted during the commission of the offense for which the inmate was convicted provided that the opinions of such experts are based upon the inmate's record.
3) Section 944.277(1)(i), F.S. (1992 Supp.), prohibits provisional credits being awarded to an inmate who has been convicted of murder, regardless of when such conviction occurred.
4) Although elements of the offenses of aggravated child abuse by caging and false imprisonment of a child under the age of 13 are similar, lack of consent of the parent or guardian is an element for false imprisonment of a child under the age of 13 but is not for aggravated child abuse. Therefore, I cannot conclusively state that a conviction for aggravated child abuse by caging precludes an inmate from receiving provisional credits pursuant to s. 944.277(1)(f), F.S. (1992 Supp.).
5) Section 944.277(1)(c), F.S. (1992 Supp.), prohibits provisional credits being awarded to an inmate who has been convicted of committing or attempting to commit lewd or indecent assaults or acts. However, to the extent that an aggravated child abuse conviction is based on acts which would constitute lewd or indecent assaults or acts, s. 944.277(1)(c), F.S. (1992 Supp.), would preclude the award of provisional credits.
Section 944.277(1), F.S. (1992 Supp.), provides:
 Whenever the inmate population of the correctional system reaches 98 percent of lawful capacity, the Secretary of Corrections shall certify to the Governor that such condition exists. When the Governor acknowledges such condition in writing, the secretary may grant up to 60 days of provisional credits equally to each inmate who is earning incentive gain-time . . . (e.s.)
Certain inmates are expressly prohibited from being awarded provisional credits.[2] Moreover, the award of provisional credits is a permissive procedure utilized by the Department of Corrections to reduce the prison population and is not a substantive matter of punishment or reward.[3] As noted by the Supreme Court of Florida in Dugger v. Grant, s. 944.277, F.S. (1992 Supp.), is distinguishable from the traditional gain-time statute because its purpose is entirely administrative and was not enacted as an inmate benefit.[4]
The Court thus stated:
Because provisional credits are solely implemented to relieve prison overcrowding, are in no way tied to an inmate's overall length of sentence, and create no reasonable expectation of release on a given date, no substantive or procedural "liberty" due process rights vest in an inmate under the statute.[5]
AS TO QUESTION 1:
Section 944.277(1)(d), F.S. (1992 Supp.), clearly excludes an inmate convicted of aggravated battery when a sex act was attempted or completed during the commission of the offense from being awarded provisional credits.[6] You ask whether this prohibition applies to an inmate convicted of aggravated child abuse where aggravated battery is an element of the offense.
Section 827.03, F.S., defines "aggravated child abuse" as one or more acts committed by a person who:
(a) Commits aggravated battery on a child; (b) Willfully tortures a child; (c) Maliciously punishes a child; or (d) Willfully and unlawfully cages a child.[7] (e.s.)
In Miller v. Dugger,[8] the court held that an inmate who had been convicted of an offense containing essentially the equivalent elements as an offense for which an inmate would be ineligible to receive provisional credits, was prohibited from receiving such credits. Since aggravated battery upon a child is an element of the offense of aggravated child abuse, an inmate who has been convicted of aggravated child abuse with aggravated battery as the basis for such conviction could not, under the principles of Miller v. Dugger, supra, be awarded provisional credits pursuant to s. 944.277(1)(d), F.S. (1992 Supp.), if a sex act was attempted or completed during the commission of the offense.
As the Court made clear in Dugger v. Grant,[9] it is not necessary for the inmate to have been convicted of committing a sex act. Rather,
[f]or those inmates who have committed or attempted sexualacts in the course of certain other enumerated nonsexual offenses such as battery, the Secretary has the duty to evaluate the record of each individual inmate to determine whether "a sex act was attempted or completed during the commission of the nonsexual offense."[10]
To implement this policy, the Secretary of Corrections must have access to all information in the inmate's record to determine whether such an act occurred.[11] Moreover, inasmuch as the Legislature has prohibited the award of provisional credits to an inmate convicted of aggravated battery when a sex act was attempted or completed during the commission of the offense, the Secretary would appear to be under a duty to review an inmate's record to ensure that the inmate was not precluded from receiving such credits.
AS TO QUESTION 2:
As discussed in the previous question, the Secretary of Corrections has a duty to review an inmate's entire record to determine whether a sex act occurred or was attempted during the commission of the offense of aggravated child abuse with aggravated battery as an element. If such an act occurred, the inmate would, in my opinion, be ineligible for provisional credits under s. 944.277(1)(d), F.S. (1992 Supp.).
The determination of whether a sex act occurred or was attempted during the commission of the offense must be based upon a review of the inmate's record. However, I find no prohibition in either the statute or caselaw which would prevent the Secretary from utilizing the services of experts to assist him in reviewing that record to determine whether sufficient evidence exists that such an act occurred or was attempted, provided the opinions of such experts are based upon the record.[12]
AS TO QUESTION 3:
Section 944.277(1)(i), F.S. (1992 Supp.), prohibits the awarding of provisional credits to an inmate who has been convicted of murder.[13] The prohibition was added to s. 944.277 by Ch. 89-100, Laws of Florida. In so amending the statute, the Legislature did not set forth the entire text of subsection (1) but only the newly created paragraphs (h) and (i) as amendments to that sub-section.[14] Section 6 of Ch. 89-100 provided that the act took effect January 1, 1990, and would apply to offenses committed on or after the effective date. The Division of Statutory Revision, in compiling the 1989 Florida Statutes, appended a footnote to s. 944.277(1)(h) and (i), recognizing that the provisions of those paragraphs applied only to offenses committed on or after January 1, 1990.
Section 944.277(1), F.S. 1989 was amended by Ch. 90-186, Laws of Florida, which set forth the entire text of the subsection. Section 4 of Ch. 90-186, Laws of Florida, stated that the act "shall take effect October 1, 1990, and shall apply to offenses committed on or after the effective date." The reference to s. 944.277(1) in the 1991 Florida Statutes notes that subsection (1) applies to offenses committed on or after October 1, 1990; the footnote to paragraphs (h) and (i) which had been contained in the 1989 Florida Statutes was deleted.
The 1992 Legislature again amended subsection (1) of s. 944.277, setting forth the entire text of the subsection in s. 12, Ch. 92-310, Laws of Florida. In prescribing an effective date, however, the act contained no restriction on the subsection's application to offenses committed after a certain date. The 1992 Supplement to the Florida Statutes does not recognize any such limitation for any provision of subsection (1).
As noted supra, s. 944.277, F.S., establishes the procedures to be used by the Department of Corrections to reduce the prison population and is not a substantive matter of punishment or reward. Statutes relating to remedies or procedures operate retrospectively.[15] Thus, absent a limitation, s. 944.277, F.S., as a procedural statute, applies retroactively. The courts have expressly recognized that the statute may be retroactively applied.[16] It was thus necessary for the Legislature in 1989 and 1990 to impose a limitation in order for the provisions of subsection (1) to operate prospectively only.[17]
Such a limitation, however, was not imposed with the amendment of subsection (1) in 1992, and absent such a limitation, the provisions of that subsection would apply retroactively. Such a construction is consistent with the position which appears to have been taken by the Division of Statutory Revision, which is responsible for facilitating the correct and proper interpretation of the Florida Statutes.[18]
Accordingly, I am of the opinion, until legislatively or judicially determined otherwise, that s. 944.277(1)(i), F.S. (1992 Supp.), prohibits provisional credits being awarded to an inmate who has been convicted of murder, regardless of when such offense occurred.
AS TO QUESTION 4:
The Legislature in s. 944.277(1)(f), F.S. (1992 Supp.), has clearly excluded an inmate who has been convicted of committing false imprisonment upon a child under the age of 13 and who, in the course of committing the offense, committed aggravated child abuse.[19] "False imprisonment" is defined in s.787.02(1)(a), F.S., as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against his will with any purpose other than those referred to in s. 787.01." However, s.787.02(1)(b), F.S., provides that confinement of a child under the age of 13 is against his will within the meaning of this statute "if such confinement is without the consent of his parent or legal guardian."
As discussed in Question One, where an inmate has been convicted of an offense which contains essentially the equivalent elements as an offense for which the inmate would be ineligible for provisional credits, the inmate is precluded from receiving such credits.[20] A conviction of aggravated child abuse where caging is an element of the offense would appear to include elements equivalent to those for false imprisonment. While caging is not defined within s. 827.03, F.S., such term has been generally defined as to "place in a cage, confine, shut in, keep in or as in a cage; enclose in a strong structure to prevent escape."[21]
However, as noted above, false imprisonment of a child under the age of 13 is without the consent of the parent or guardian. Consent is not an issue for the offense of aggravated child abuse. While there appears to be an equivalency of certain elements in aggravated child abuse by caging and false imprisonment of a child under the age of 13, I cannot conclusively state that a conviction of aggravated child abuse by caging precludes an inmate receiving provisional credits pursuant to s. 944.277(1)(f), F.S. (1992 Supp.). Therefore, it may be advisable to seek judicial clarification of this matter.
AS TO QUESTION 5:
Section 944.277(1)(c), F.S. (1992 Supp.), prohibits provisional credits from being awarded to an inmate who has been convicted of committing or attempting to commit lewd or indecent assaults or acts.[22] The paragraph, however, appears to require a conviction for such acts in order to preclude an inmate being awarded provisional credits.[23] To the extent that an aggravated child abuse conviction is based on acts which would constitute lewd or indecent assaults or acts, s. 944.277(1)(c), F.S. (1992 Supp.), would preclude the award of provisional credits.
However, other provisions of s. 944.277, F.S. (1992 Supp.), prohibit an inmate convicted of certain nonsexual offenses from receiving provisional credits when a sexual act was committed or attempted during the commission of the offense. For example, s. 944.277(1)(d), F.S. (1992 Supp.), prohibits provisional credits being awarded to an inmate convicted of committing or attempting to commit assault, aggravated assault, battery, or aggravated battery when a sex act was committed or attempted during the commission of the offense.[24] As discussed in Question One, the inmate need not have been convicted of a sex act for the prohibition to be applicable; there need only be sufficient evidence in the record of such an occurrence or attempt.
In summary, therefore, inasmuch as McDougall was convicted of murder in the second degree, he would appear to be precluded from receiving provisional credits pursuant to s. 944.277(1)(i), F.S. (1992 Supp.). Moreover, if the Secretary of Corrections determines that McDougall was convicted of aggravated child abuse with battery or aggravated battery as an element of that offense and that a sex act was attempted or committed during the commission of that offense, he would be precluded from receiving provisional credits pursuant to s. 944.277(1)(d), F.S. (1992 Supp.).
RAB/tjw
[1] This office has been advised by the Department of Corrections that since January 1991, the provisions of s. 947.146, F.S., creating a controlled release program, have been used to regulate the prison population. However, McDougall's scheduled release is based upon a calculation of provisional credits pursuant to s. 944.277, F.S.
[2] See, s. 944.277(1)(a)-(j), F.S. (1992 Supp.).
[3] See, Dugger v. Rodrick, 584 So.2d 2 (Fla. 1991),cert. denied, 112 S.Ct. 886 (1992), and recently reaffirmed by The Supreme Court of Florida in Dugger v. Grant, 17 F.L.W. S744 (Fla., filed December 10, 1992).
[4] Dugger v. Grant, supra at 745.
[5] Id. at 746.
[6] See, s. 944.277(1)(d), F.S. (1992 Supp.), which prohibits the award of provisional credits to an inmate who:
Is convicted, or has been previously convicted, of committing or attempting to commit assault, aggravated assault, battery, or aggravated battery, and a sex act was attempted or completed during commission of the offense . . . .
[7] Section 827.03(1), F.S. A person who commits aggravated child abuse is guilty of a felony of the second degree,see, s. 827.03(2), F.S.
[8] 565 So.2d 846 (1 D.C.A. F la., 1990).
[9] 17 F.L.W. S744 (Fla., filed December 10, 1992). In that case, the inmate had been convicted for burglary but acquitted of the charge of sexual battery. The Secretary denied the award to provisional credits based upon his review of the presentence report, arguing that a conviction for sexual acts was unnecessary since the Legislature has already under s. 944.277(1)(c), F.S. (1992 Supp.), established a policy of prohibiting the grant of provisional credits to inmates convicted of sexual offenses. The Court agreed.
[10] Id. at 745.
[11] Id. The Court noted that no substantive or procedural "liberty" due process rights vest in an inmate under s. 944.277, F.S. (1992 Supp.), and that, even had the decision involved due process rights, only a modicum of evidence would be needed to support an administrative decision. Id. at 746.
[12] Cf., s. 20.05(1), F.S., authorizing the heads of departments in the executive branch of state government to execute the powers, duties and functions assigned to the department through such assistants as the head of the department may designate unless the head of the department is explicitly required by law to perform the same without delegation.
[13] See, s. 944.277(1)(i), F.S. (1992 Supp.), prohibiting the award of provisional credits to an inmate who:
Is convicted, or has been previously convicted, of committing or attempting to commit murder in the first, second, or third degree under s. 728.04(1), (2), (3), or (4); or has ever been convicted of any degree of murder in another jurisdiction . . . .
[14] See, s. 4, Ch. 89-100, Laws of Florida.
[15] Fogg v. Southeast Bank, N.A., 473 So.2d 1352 (4 D.C.A. Fla., 1985).
[16] See, Dugger v. Rodrick, supra.
[17] Cf., Dominguez v. State, 17 F.L.W. D1853, 1854 (1 D.C.A. Fla., filed July 29, 1992), recognizing that in order for the statute to be applied prospectively only, a specific proviso for offenses occurring after a certain date was needed. I am not unmindful that in that case the court held erroneous the interpretation given by the Department of Corrections that s. 944.277(1)(i) excluded murderers from receiving provisional credits who had committed any criminal offense after January 1, 1990, and had a prior murder conviction. The court stated that the statute disqualified murderers who committed a murder after January 1, 1990. The court, however, was interpreting the provisions of s. 944.277, F.S. 1989, and not the subsequent amendments to the statute in 1990 and 1992, and, thus, the court's decision would appear to be of limited application.
[18] See, 11.242, F.S.
[19] See, s. 944.277(1)(f), F.S. (1992 Supp.), which prohibits the award of provisional credits to an inmate who:
Is convicted, or has been previously convicted, of committing or attempting to commit false imprisonment upon a child under the age of 13 and, in the course of committing the offense, the inmate committed aggravated child abuse; sexual battery against the child; or a lewd, lascivious, or indecent assault or act upon or in the presence of the child . . . .
[20] See, Miller v. Dugger, supra.
[21] Webster's Third New International DictionaryCaging p. 313 (unabridged edition 1981).
[22] See, s. 944.277(1)(c), F.S. (1992 Supp.), which prohibits the award of provisional credits to an inmate who:
Is convicted, or has been previously convicted, of committing or attempting to commit sexual battery, incest, or any of the following lewd or indecent assaults or acts: masturbating in public; exposing the sexual organs in a perverted manner; or nonconsensual handling or fondling of the sexual organs of another person . . . .
[23] Cf., Tyson v. Dugger, 547 So.2d 240 (1 D.C.A. Fla., 1989); Mayo v. Dugger, 535 So.2d 300 (1 D.C.A. Fla., 1988) (record on appeal did not indicate that appellant was convicted of sexual battery or of any of the sexual offenses listed in s. 917.012, F.S. 1987, as required by s. 944.276[1][c], F.S. 1987).
[24] See also, s. 944.277(1)(e) and (f), F.S. (1992 Supp.).